**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| JENNIFER RENE SMYTH, ) | |
| ) | No. 2:13-cv-2553-DCN |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| KATHERINE EVANS WILLIAMSON, ) | |
| ) | |
| Defendants. ) | |
| ) | |

      This matter is before the court on a motion to quash filed by interested party State Farm Mutual Automobile Insurance Company ("State Farm") and a motion to quash filed by defendant Katherine Evans Williamson ("Williamson"). For the reasons set forth below, the court denies both motions.

## I. BACKGROUND

Because the specific facts underlying this case are not directly at issue here, the court includes only a brief summary of the events on which this case is based. On the afternoon of May 11, 2011, plaintiff Jennifer Rene Smyth ("Smyth") was stopped at a red light at the intersection of Shelmore Blvd. and Highway 17 in Mt. Pleasant, S.C. Compl. ¶ 6-7. Smyth alleges that Williamson, who was driving behind Smyth in the same direction, crashed her car into the rear of Smyth's car, injuring Smyth. Compl. ¶ 15-16.

      Smyth filed this suit on September 19, 2013, alleging causes of action for negligence and recklessness. On December 30, 2013, Smyth served State Farm, an interested party and Williamson's insurer, with a subpoena to produce its entire claims file. Smyth also identified certain documents for production, primarily related to any information provided by Williamson to State Farm and vice versa related to the injuries

1

and damages claimed by Smyth. State Farm responded to the subpoena on January 30, 2014, providing 188 pages of documents from its claims file. State Farm also provided Smyth a privilege log, which contained documents over which State Farm asserted privilege. After a discussion with Smyth's counsel, State Farm supplemented the original response to the subpoena and privilege log. On February 5, 2014, State Farm confirmed to Smyth that no recorded statement was taken by State Farm from Williamson and that all portions of the claims file related to discussions between State Farm and Williamson had either been provided to Smyth or identified in the privilege log. State Farm's Mot. 2.

On February 5, 2014, Smyth served a second subpoena on State Farm, setting a telephone deposition of a State Farm representative for February 25, 2014. State Farm's Mot. Ex. E. Smyth requested that the State Farm representative testify to (1) whether Williamson gave a statement to State Farm or any agent of State Farm regarding the accident, and if so, the substance of the statement and when it was made; and (2) whether State Farm or any of its agents communicated with Williamson about Smyth's injuries and damages. Id. Smyth indicated that she did not expect that the deposition would take longer than ten minutes. Id. On February 14, 2014, State Farm moved to quash the subpoena. Smyth responded on March 3, 2014 and State Farm filed a reply on March 10, 2014.

On February 21, 2014, Smyth served a subpoena on Sharon E. Martin ("Martin"), a registered nurse who provided mental health counseling or therapy services to Williamson, requesting (1) all records of personal or professional conversations, meetings and appointments with Williamson from May 1, 2011 through May 31, 2011; (2) all emails, text messages, phone records, diaries, and notes to, from, or concerning

Williamson from May 1, 2011 through May 31, 2011; and (3) all bills related to services provided for Williamson from April 1, 2011 through June 30, 2011.  Pl.'s Resp. Ex. B.  On March 7, 2014, Williamson moved to quash the subpoena.  Smyth responded on March 17, 2014.

Both matters have been fully briefed and are ripe for the court's review.

## II.  STANDARD

Federal Rule of Civil Procedure 26(b)(1) provides that "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."  "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.

When a party subpoenas a nonparty's attendance at a deposition, the nonparty may move to quash the subpoena under Rule 45, which requires that a district court

> must quash or modify a subpoena that:
> (i) fails to allow a reasonable time to comply;
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A).  "The scope and conduct of discovery are within the sound discretion of the district court."  Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co., 56 F.3d 556, 568 n.16 (4th Cir. 1995) (citing Erdmann v. Preferred Research, Inc. of Georgia, 852 F.2d 788, 792 (4th Cir. 1988)).

### III.  DISCUSSION

#### A.    State Farm's Motion to Quash

State Farm moves to quash the subpoena for the deposition of a State Farm representative because the information sought is:  (1) overly broad; (2) neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (3) protected from discovery by the attorney-client privilege; and (4) duplicative.  State Farm's Mot. 3.  The court considers each of these contentions in turn.

#### 1.    Broadness

State Farm's argument that the subpoena is overly broad relates solely to the fact that it requests information which may be subject to the attorney-client privilege.  State Farm's Mot. 3.  The court discusses privilege below.  Otherwise, the broadness of the request is not an appropriate reason to quash the subpoena – Smyth proposes a ten-minute deposition inquiring into only two narrow topics.

#### 2.    Relevance

State Farm next argues that the information sought in the subpoena is not relevant. State Farm Mot. 3.  It contends that any information Williamson received from State Farm and her personal views as to Smyth's injuries are both irrelevant and that she could not testify to either at trial.  Id.

Smyth responds that the testimony given in the deposition could be used to attack Williamson's credibility at trial.  Pl.'s Resp. 2-3.  Smyth asserts that in Williamson's deposition, she testified that she gave State Farm a statement about the collision and that State Farm told her that Smyth was not hurt.  Id.; see Williamson Dep. 25:19-20 (Williamson "spoke to several – to one particular agent" with State Farm.); 36:14-24

(Williamson responding that she did not think it was appropriate to contact Smyth because "[State Farm] kept me abreast of the situation. I think if something serious had happened to her I would have known about it."); 47:19-21 ("I never said I gave a statement. I know I spoke with them. It must have been a statement. I did speak with State Farm, yes."); 48:4-11 (Williamson was "contacted by State Farm because of the accident and [she] told them what happened"); 73:23-25 ("[State Farm] told [Williamson] that Mrs. Smyth was okay . . . ."); 99:2-5 ("I did not do any investigation besides what I said about State Farm contacting me and letting me know that . . . she was okay.").

State Farm's answers to the deposition regarding whether Williamson provided a recorded statement and whether State Farm told her about Smyth's condition are at least marginally relevant to Williamson's credibility. Therefore, relevance does not provide a proper basis for quashing the deposition.

### 3.     Privilege

State Farm argues that the subpoena requests information which could be subject to the attorney-client privilege. State Farm's Mot. 3. As Smyth notes, State Farm provides no authority to support its assertion that its communications with Williamson are protected by the attorney-client privilege or that State Farm, a non-lawyer, can assert protections afforded attorneys. See Pl.'s Resp. 3. "[W]hen the [attorney-client] privilege applies, it affords confidential communications between lawyer and client complete protection from disclosure." Hawkins v. Stables, 148 F.3d 379 (4th Cir. 1998). State Farm has not articulated any reason why communications between State Farm and Williamson should be subject to the attorney-client privilege.

Rather, in its response State Farm alters its argument and asserts that Federal Rule of Civil Procedure 26 prevents the production of the information sought. Rule 26 provides that a party may not ordinarily discover documents and tangible things that are "prepared in anticipation of litigation or for trial by or for another party or its representative" unless they are otherwise discoverable and "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3). State Farm essentially argues that the work product doctrine applies and should prevent Smyth from deposing its representative.

However, Rule 26 does not apply to the current motion. Rule 26(b)(3)(A) applies to "documents" and "tangible things," and Smyth is not seeking discovery of any such items but is rather seeking to depose a State Farm representative. In the same vein, while the work product protection may extend to documents prepared anticipation of litigation, "the facts underlying [such a document] are not [protected]." Suggs v. Whitaker, 152 F.R.D. 501, 507 (M.D.N.C. 1993) (citing Nat'l Union, 967 F.2d at 984 n.5). "[A] witness may be interrogated at his deposition concerning the facts contained in the work product report." Id.

Because Smyth is not seeking any tangible work product, and because State Farm has not articulated why the attorney-client privilege should apply, privilege is not an appropriate reason to quash the subpoena.

### 4.  Duplicative

Finally, State Farm argues that the information sought in the deposition has already been provided to Smyth. State Farm's Mot. 4. In particular, State Farm contends

6

that all of the conversations between Williamson and State Farm have been either provided in response to the first subpoena or addressed in the privilege log. Id. Smyth responds that there is a difference between having a document and having someone testify about its meaning. Pl.'s Resp. 12.

While the deposition of State Farm may potentially reveal only information already provided to Smyth, the court nonetheless determines that Smyth should be allowed to conduct a brief deposition to clarify any uncertainties it has regarding communications between Williamson and State Farm.

Because the court finds State Farm's reasons to quash the subpoena unpersuasive, it denies State Farm's motion. However, Smyth's deposition of State Farm may be no longer than ten minutes[1] and must relate only to the two matters indicated in the deposition notice: (1) whether Williamson gave any statements to State Farm and, if so, the substance of those statements; and (2) whether State Farm communicated with Williamson regarding Smyth's injuries, health, medical bills, or condition. See State Farm's Mot. Ex. E. These limited inquiries do not subject State Farm to undue burden.

### B.     Williamson's Motion to Quash

Williamson moves to quash the subpoena served on Martin, arguing that the communications between Martin and Williamson are (1) privileged and (2) irrelevant. The court considers each of these contentions in turn.

---

[1] Just to be clear, "ten minutes" means ten minutes.

**1.     Privilege**

Williamson first argues that the subpoena should be quashed because the material sought is privileged. In general, a party asserting a privilege has the burden of establishing the existence of the privilege.[2]  45 Am. Jur. 2d Proof of Facts 2d § 9 (1986).

Williamson first cites S.C. Code Ann. § 44-22-90, which provides that "[c]ommunications between patients and mental health professionals including general physicians, psychiatrists, psychologists, psychotherapists, nurses, social workers, or other staff members employed in a patient therapist capacity . . . are considered privileged" and that a patient may refuse to disclose that information except "in a civil proceeding in which the patient introduces his mental condition as an element of his claim or defense." However, that provision is related to the rights of mental health patients treated by the State Department of Mental Health. See S.C. Code Ann. § 44-22-10 (defining "patient" as "an individual undergoing treatment in the department" and "department" as the State Department of Mental Health). Therefore, the cited statute does not protect the materials sought.

Williamson also argues that South Carolina has a public policy to maintain the confidentiality of physician-patient relationships, such that disclosure of one's records of treatment should be made only where the court is sufficiently satisfied that the material has been placed at issue by a party's claim or defense. Def.'s Mot. 2. However, the case cited for this proposition, McCormick v. England, 949 S.E.2d 431 (S.C. Ct. App. 1997), recognized a cause of action for the "common law tort of breach of a physician's duty of

---

[2] Because this is a civil case in which the claims are governed by South Carolina law, South Carolina law also governs Williamson's assertion of privilege. See Fed. R. Evid. 501; Hottle v. Beech Aircraft Corp., 47 F.3d 106, 107 n.1 (4th Cir. 1995).

confidentiality." Id. at 439.  It held that the duty of the physician not to disclose is not absolute and "must give way when disclosure is compelled by law or is in the best interest of the patient or others." Id.  As the court explained, "[t]he terms 'privilege' and 'confidences' are not synonymous, and a professional's duty to maintain his client's confidences is independent of the issue whether he can be legally compelled to reveal some or all of those confidences, that is, whether those communications are privileged." Id. at 434 (quotation marks and citation omitted).  With regard to the existence of a physician-patient privilege, McCormick explicitly states that "South Carolina . . . does not recognize the physician-patient privilege." Id. (citing Peagler v. Atl. Coast Line R.R. Co., 101 S.E.2d 821 (1958)).[3]

Because South Carolina does not recognize a physician-patient privilege, privilege does not provide a proper rationale for the court to grant Williamson's motion to quash.

### 2.     Relevance

Williamson next argues that the subpoena should be quashed because it seeks material that irrelevant.  Williamson's arguments about relevance rely in large part on S.C. Code Ann. § 44-22-90, discussed above.  Williamson argues that she has not introduced her medical condition as an element of her claim or defense, and therefore Martin's records are not subject to one of the exceptions included in S.C. Code Ann. § 44-22-90 and are therefore irrelevant.  Def.'s Mot. 4-5.

---

[3] Even if South Carolina did recognize a physician-patient privilege, it is not clear that it would apply to Williamson's communications with Martin, since Martin is a nurse practitioner and not a physician.

9

Because S.C. Code Ann. § 44-22-90 is not applicable here, Williamson's relevance arguments based on it fail. Moreover, as noted by Smyth, Martin's records could contain evidence relevant to this case. First, Williamson's mental condition is at issue here because the complaint alleges that she acted recklessly, willfully, and wantonly in causing Smyth's injuries. See Compl. ¶ 32. Additionally, Williamson's phone records indicate that she sent and received text messages from Martin before and after the collision and had three telephone calls with Martin after the collision. Pl.'s Resp. Ex. A. The court is satisfied that the subpoena served on Martin is reasonably calculated to lead to the discovery of admissible evidence and therefore denies Williamson's motion to quash.

## IV.   CONCLUSION

Based on the foregoing, the court **DENIES** State Farm's motion to quash, but limits the deposition of a State Farm representative to ten minutes and the two topics discussed above, and **DENIES** Williamson's motion to quash.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**May 12, 2014**
**Charleston, South Carolina**